IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brent Wilson, | ) | C.A. No.: 2:24-cv-00539-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| United of Omaha Life Insurance | ) | |
| Company and Auro Hotels | ) | |
| Management, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, complaining of the Defendants herein, would show unto this Honorable

Court as follows:

I.

Plaintiff is a citizen and resident of Charleston, South Carolina.

II.

Defendant Auro Hotels Management, LLC. (hereinafter "Auro") is a corporate entity

organized and existing pursuant to the laws of one of the states of the United States and

which does business and owns property in Charleston County, South Carolina.

III.

Defendant United of Omaha Life Insurance Company (hereinafter "United") is an

insurance corporation organized and existing pursuant to the laws of one of the States of the

United States and which does business and owns property in Charleston County, South

Carolina.

IV.

In this matter, Plaintiff seeks voluntary life insurance benefits against Defendant United under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks a breach of fiduciary duty action against Defendant Auro pursuant to ERISA 29 U.S.C. § 1104. This court has jurisdiction to consider this matter based upon a federal question.  Defendants are subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

V.

Plaintiff is the son of Sherrie Wilson (hereinafter "Sherrie).  Sherrie was employed with the Mariott Hotel in Charleston, which is owned by Defendant Auro. As an employee of Auro, Sherrie was provided voluntary group life insurance benefits via a plan which was originally insured by Symetra Life Insurance Company.  On April 1, 2023, Auro changed insurance carriers on the voluntary group life insurance plan to a plan fully insured by Defendant United.  Plaintiff is a 50% named beneficiary on the voluntary group life insurance plan.  Auro is the plan sponsor, plan administrator, and fiduciary of the voluntary group life insurance plan.  United is the sole entity responsible for determining whether claims such as the Plaintiff's should be paid.  Accordingly, United is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable.  As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated United is a proper party in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).  As the plan sponsor, plan administrator, and fiduciary of the plan, Auro is a proper party defendant in the matter *sub judice* wherein Plaintiff seeks a breach of fiduciary duty against Auro pursuant to ERISA 29 U.S.C. § 1104.

VI.

During enrollment sometime in March 2023, Sherrie enrolled in the United plan with an effective date of April 1, 2923.  Auro enrolled Sherrie in the United coverage.  Due to certain medical problems from which she suffered, Sherrie was not actively at work on the United policy effective date, April 1, 2023.  Auro deducted the necessary premiums for the voluntary group term life insurance coverage under the United plan from Sherrie's pay beginning on April 1, 2023.

VII.

Unfortunately, Sherrie passed away on April 27, 2023.  Plaintiff contacted Auro regarding a payout on the voluntary group life insurance plan.  He was advised that Sherrie should have never been enrolled in the plan with an effective date of April 1, 2023, as she was not actively at work on that date.  Therefore, Auro advised that she was not eligible for coverage under the United plan.

## FOR A FIRST CAUSE OF ACTION

### (Against Defendant United for Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B))

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as fully set forth herein.

IX.

The United policy contains a plan provision entitled "Continuity of Insurance Upon Transfer of Insurance Carrier."  Pursuant to that plan term, Sherrie should have been automatically enrolled in the United plan, as Auro changed insurance carriers and the United policy was replacing the Symetra policy.  Sherry was insured by the Symetra policy on the day prior to April 1, 2023, and, to the best of Plaintiff's knowledge, satisfies all other

provisions of the plan term.  Additionally, to the best of Plaintiff's knowledge, United accepted premiums for Sherrie's coverage under the voluntary group life insurance policy. Therefore, Sherrie should have been a covered individual under the United policy at the time of her death.  Consequently, United is bound to pay the group life insurance policy benefits.

X.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan.  If the court reviews the record and/or other relevant information and determines that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary defendant.  Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**FOR A SECOND CAUSE OF ACTION**

**(Against Defendant Auro For Breach of Fiduciary Duty Pursuant to 29 U.S.C. § 1104)**

XI.

Plaintiff incorporates all prior allegations, where not inconsistent, as fully set forth herein.

XII.

Auro is the plan administrator and fiduciary under the subject voluntary group life insurance plan.  United is the claims administrator and fiduciary under the subject voluntary group life insurance plan. If the Court determines that Plaintiff is not entitled to the voluntary group life insurance benefits pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff respectfully requests that the Court construct an equitable remedy pursuant to ERISA which binds Auro to paying Plaintiff the group voluntary life insurance benefits to which he is entitled as a beneficiary under the applicable plan.

### XIII.

Pursuant to 29 U.S.C. § 1104, Auro had the duty to administer the plan in the best interest of Sherrie, as beneficiary under the voluntary group life insurance plan.  Part of that duty includes being able to accurately advise its employees regarding their insurance coverage.  Auro had the absolute duty to accurately advise Sherrie regarding enrollment in the United plan.  It failed to do so. Auro also inaccurately advised that Sherrie's beneficiaries were not entitled to voluntary group life insurance benefits as she was not actively at work on the effective date of the policy.

### XIV.

As a direct and proximate result of the above breach of fiduciary duty, Plaintiff, as named beneficiary under the policy, has been unable to make a claim for voluntary group life insurance benefits, as he has been advised that Sherrie did not have coverage.

### XV.

Plaintiff respectfully requests that this Court consider the matters raised herein and hold that Auro has breached its fiduciary as set forth above and that the court structure an appropriate remedy under ERISA 29 U.S.C. § 1132(a)(3) or any other provision of ERISA

29 U.S.C. § 1132 that the Court may deem applicable given the facts and circumstances.

Finally, Plaintiff respectfully requests that the Court award attorney's fees and costs pursuant

to 29 U.S.C. § 1132(g) and such other and further relief as this Court deems just and proper.

      **WHEREFORE,** having fully stated his complaint against the Defendants, Plaintiff

prays for: 1) a declaration of entitlement to the voluntary group life insurance benefits he

seeks pursuant to 29 U.S.C. §1132(a)(1)(B); 2) a declaration that Auro breached its fiduciary

duties pursuant to ERISA as set forth above and that the Court structure an equitable remedy

as allowed by any provision of ERISA 29 U.S.C. §1132; 3) attorney's fees and costs

pursuant to 29 U.S.C. §1132(g); and 4) such other and further relief as this Court deems just

and proper, including pre-judgment interest on all benefits due from the point at which

benefits were payable through the time of judgment.

 

s/ M. Leila Louzri
M. Leila Louzri, Esq.
Federal Bar #:  12007
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  llouzri@fosterfoster.com

Date: February 2, 2024          Attorneys for Plaintiff